# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WILLIS BREWER, individually and on behalf of all persons similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**HOMELAND VINYL PRODUCTS, INC.,**<br><br>Defendant. | Civil Action No. 17-4290<br><br>Class and Collective Action Complaint<br><br>Jury Trial Demanded<br><br>(Document Filed Electronically) |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Willis Brewer ("Plaintiff"), on behalf of himself and all others similarly situated, brings this collective and class action against Defendant Homeland Vinyl Products, Inc. ("Homeland Vinyl" or "Defendant"), seeking to recover for Defendant's violations the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), the New Jersey State Wage and Hour Law, N.J.S.A. §§ 34:11-56a *et seq.* ("NJSWHL"), and New Jersey Wage Payment Law, N.J.S.A. 34:11-4.3 ("NJWPL"). Plaintiff lives at 422 Hyacinth Road, Millville, New Jersey 08332. Homeland Vinyl Products, Inc. (hereinafter "Homeland Vinyl" or "Defendant") operates a manufacturing facility in Millville, New Jersey, and maintains its corporate headquarters at 3300 Pinson Valley Parkway, Birmingham, Alabama 35217.

Plaintiff, on behalf of himself and all others similarly situated, complain and allege as follows:

/././

/././

## INTRODUCTION

1. This is a collective and class action complaint against Homeland Vinyl to challenge its policies and practices of: denying proper payment of all wages due, including minimum wage, overtime, and expense reimbursement.

2. Plaintiff and members of the Collective and Class are current and former non-exempt employees of Homeland Vinyl who worked at Homeland Vinyl's production facilities. Plaintiff seeks to represent other current and former non-exempt employees who worked at Homeland Vinyl's production facilities across the country and in New Jersey.

3. Specifically, Plaintiff alleges Defendant has violated, and continues to violate the FLSA, as well as the NJSWHL and the NJWPL. Defendant violates these laws by, *inter alia*: requiring Plaintiff and members of the Collective and Class to perform substantial work off the clock; unlawfully averaging the weekly hours worked over a two-week period to reduce the amount of overtime compensation due; failing to include shift differential pay into the regular rate; and failing to provide Plaintiff and members of the Class and Collective compensation that is unconditional, free and clear of deductions and/or kickbacks to Defendant.

4. Plaintiff seeks full compensation for all unpaid wages, including unpaid minimum wage and overtime wages. Plaintiff also seeks restitution, declaratory and injunctive relief, liquidated damages, reasonable attorneys' fees and costs, and any other relief deemed appropriate by the Court.

## PARTIES

5. Plaintiff and members of the Class and Collective are current and former non-exempt, hourly employees who worked at Homeland Vinyl's production facilities throughout the

United States and in the State of New Jersey, including but not limited to those with the job title of Machine Operators.

6. Plaintiff is an individual over the age of eighteen, and at all times mentioned in this Complaint was a resident of the State of New Jersey.

7. Plaintiff has worked as a Machine Operator for Homeland Vinyl from July 14, 2010 to the present. At all relevant times, Plaintiff has worked at Homeland Vinyl's facility in Millville, New Jersey. Pursuant to 29 U.S.C. § 216(b), Alvarez has consented to be a Plaintiff in this action.

8. Plaintiff is informed and believes that Homeland Vinyl is an Alabama corporation that manufactures residential and commercial vinyl products. Homeland Vinyl maintains its corporate headquarters in Birmingham, Alabama, and also operates production plants in Millville, New Jersey; Surgoinsville, Tennessee; and Ogden, Utah. Plaintiff is further informed, believes, and alleges that Homeland Vinyl employs other non-exempt, hourly employees throughout the State of New Jersey.

9. At all relevant times, Homeland Vinyl has done business under the laws of the United States and the State of New Jersey. Homeland Vinyl employed Plaintiff, Class, and Collective members in this judicial district. At all relevant times, Homeland Vinyl has been Plaintiff's "employer" within the meaning of the FLSA and New Jersey wage law.

## JURISDICTION AND VENUE

10. The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions, 29 U.S.C. § 216(b). This Court has original federal question jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the New Jersey state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

11. Venue is proper pursuant to 28 U.S.C. §1391(b). At all material times, Defendant has been actively conducting business in the State of New Jersey and the geographic area encompassing the District of New Jersey. A substantial part of the acts and/or omissions giving rise to the allegations herein occurred in this District.

## FACTUAL ALLEGATIONS

12. Homeland Vinyl is a business that manufactures, fabricates, and markets vinyl fencing, rail, and deck products. Homeland Vinyl sells its products throughout the United States, including in New Jersey.

13. Plaintiff and members of the Class and Collective provide support for Homeland Vinyl's manufacturing operations. Among other tasks, Plaintiff and Class and Collective members are responsible for setting up and operating machine equipment, monitoring machine operations, loading raw materials, and checking the quality of finished products.

14. Plaintiff and members of the Class and Collective are classified as non-exempt, and compensated with hourly wages. Plaintiff earns approximately $14.25 per hour. Plaintiff also earns a fifty cent shift differential pay when his shifts are scheduled outside normal business hours.

15. Based on information and belief, none of Defendant's hourly employees, including Class and Collective members, are part of a union, and the terms of their employment are not governed by a collective bargaining agreement.

16. Plaintiff and Class and Collective members are typically scheduled to work twelve-hour shifts. Homeland Vinyl creates bi-weekly schedules in which Plaintiff and members of the Class and Collective work three days one week, and four days the next week. Thus, Plaintiff and members of the Class and Collective work alternating weekly schedules of at least 36 hours, and 48 hours, respectively.

17. For compensation purposes, Homeland Vinyl averages Plaintiff and Class and Collective members' weekly hours on a bi-weekly basis, and calculates their total pay at a rate of 42 hours per week. Thus, Plaintiff and members of the Class and Collective receive four hours of overtime pay every two weeks. But because Plaintiff and Class and Collective members work alternating weeks of 36 and 48 hours, respectively, this bi-weekly averaging policy deprives Plaintiff and Class and Collective members of four hours of overtime every two weeks.

18. When computing Plaintiff and Class and Collective members' regular rate of pay for overtime purposes, Homeland Vinyl does not account for shift differential pay, as required by the FLSA and New Jersey Wage Law. Consequently, hourly employees of Homeland Vinyl who receive overtime compensation are not compensated at one and one-half times their regular rate of pay for each hour of overtime worked.

19. Compensation provided to Plaintiff and Class and Collective members is not paid finally, unconditionally, free and clear of deductions and/or kickbacks. Plaintiff and Class and Collective members are required to pay for and provide their own mechanics tools in performing their routine duties for Homeland Vinyl. Such tool-related expenses incurred by Plaintiff and the Class and Collective include but are not limited to tool cabinets, socket sets (standard and metric, as well as different sizes), breaker bars of different sizes, ratchets of different sizes, wrench sets (metric and standard, large and regular sized), nut drivers (standard and metric), adjustable wrench sets, screwdriver sets, Hex key sets (standard and metric as well as different sizes), Allen keys (standard and metric, as well as different sizes), torque wrenches in different sizes, spray bottles, hammers, sledge hammers, crow and pry bars, rubber mallets, and tap and dye sets.

20. Plaintiff, specifically, spent approximately $500 - $700 for tools used in performing his various job duties. Some of these costs were incurred during weeks in which Plaintiff worked

in excess of 40 hours. Because Plaintiff and Class and Collective members routinely work in excess of 40 hours in a week, and because Homeland Vinyl does not compensate Plaintiff and Class and Collective members for these necessarily incurred business expenses – expenses incurred solely for Homeland Vinyl's benefit – these costs cut into the overtime wages required to be paid to Plaintiff and Class and Collective members.

21. Homeland Vinyl requires Plaintiff and Class and Collective members to perform substantial work off-the-clock and without compensation. Homeland Vinyl instructs hourly employees to arrive for their work shifts fifteen minutes early to relieve outgoing hourly employees and receive work briefing by managers. Homeland Vinyl instructs hourly employees to clock in only after these briefings are completed, which often takes more than fifteen minutes. Homeland Vinyl does not permit hourly employees to clock in before their scheduled work shift begins. Whenever Plaintiff and Class and Collective members attempt to correctly clock in or out to account for this additional work time, Homeland Vinyl unilaterally alters these time entries to excise these pre and post shift activities. In total, Plaintiff and Class and Collective members typically work one and one-half to two hours off-the-clock per week.

22. Furthermore, Homeland Vinyl instructs hourly employees to complete all tasks on the manufacturing floor, regardless of when their scheduled work shift ends. In order to perform these tasks as required, Plaintiff and Class and Collective members often stay more than fifteen minutes after the conclusion of their scheduled work shift in order to complete their work. However, Homeland Vinyl regularly edits hourly employees' timesheets to reflect that they clocked out at the end of their scheduled shift. Thus, work performed by hourly employees during these periods goes uncompensated.

23. As a result of Homeland Vinyl's timekeeping policies, Plaintiff and the Class and

Collective members are not paid for all hours worked, and are paid at their regular rate or at the applicable overtime rates.

24. Plaintiff is informed, believes, and thereon alleges that Homeland Vinyl's policies and practices as alleged herein have at all relevant times been similar for non-exempt, hourly employees, regardless of the location within the United States, including in New Jersey.

25. Homeland Vinyl's unlawful conduct has been widespread, repeated, and consistent throughout its work locations in the United States, including in New Jersey. Homeland Vinyl knew or should have known that its policies and practices have been unlawful and unfair.

26. Homeland Vinyl's conduct is willful, carried out in bad faith, and causes significant damages to non-exempt, hourly employees in an amount to be determined at trial. Homeland Vinyl had no reasonable basis to believe that it was complying with the FLSA and New Jersey laws. Rather, Homeland Vinyl either knew or acted with reckless disregard of clearly applicable FLSA and New Jersey regulations regarding the computation of overtime, demonstrated by, *inter* alia:

    a. At all relevant times, Homeland Vinyl maintained payroll records reflecting the fact that Plaintiff and members of the Class and Collective regularly worked alternating weeks of 36 and 48 hours, respectively;

    b. At all relevant times, Homeland Vinyl maintained payroll records reflecting the fact that Plaintiff and members of the Class and Collective were consistently compensated for 42 hours per week, all at the regular rate;

    c. At all relevant times, New Jersey wage and hour laws, as well as the FLSA, expressly prohibited Homeland Vinyl's bi-weekly overtime averaging. *See* 29 C.F.R. § 778.104 ("The Act takes a single workweek as its standard and does not permit averaging of hours over 2 or more weeks. Thus, if an employee

works 30 hours one week and 50 hours the next, he must receive overtime compensation for the overtime hours worked beyond the applicable maximum in the second week, even though the average number of hours worked in the 2 weeks is 40"); N.J.A.C. 12:56-6.2(a) ("Overtime and minimum wage pay shall be computed on the basis of each workweek standing alone") and N.J.A.C. 12:56-6.2(b) ("Hours shall not be averaged over two or more workweeks");

d. Homeland Vinyl required Plaintiff and members of the Class and Collective to furnish their own tools to carry out Homeland Vinyl's daily operations, and Homeland Vinyl had no reasonable basis to believe this job requirement was anything other than an unlawful deduction and/or kickback under the FLSA.

## COLLECTIVE ALLEGATIONS UNDER THE FLSA

27. Plaintiff brings the First Count (the FLSA claim) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of the proposed collective of similarly situated individuals defined as:

> All current and former non-exempt, hourly employees of Homeland Vinyl who worked at one of Homeland Vinyl's production facilities in the United States, at any time beginning three years before the filing of this Complaint until the resolution of this action.

28. Plaintiff, individually and on behalf of other similarly situated persons defined above, seek relief on a collective basis challenging Defendant's policies and practices of failing to properly pay Plaintiff for all hours worked, including overtime compensation, as well as Defendant's failure to record all hours worked. The number and identity of other similarly situated persons yet to opt-in and consent to be party-plaintiffs may be determined from the records of Defendant, and potential opt-ins may be easily and quickly notified of the pendency of this action.

29. Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 216(b) of the FLSA because Plaintiff's FLSA claims are similar to the claims of the Collective members.

30. The Collective members are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice and/or plan that unlawfully minimizes overtime and minimum wage compensation due through, *inter alia,* bi-weekly hour-averaging and requirements to perform off-the-clock work without compensation.

31. Plaintiff is representative of the Collective members and is acting on behalf of their interests, as well as Plaintiff's own interests, in bringing this action.

32. Plaintiff will fairly and adequately represent and protect the interests of Collective members. Plaintiff has retained counsel competent and experienced in employment class action and collective action litigation.

33. The similarly situated Collective members are known to Homeland Vinyl, are readily identifiable, and may be located through Homeland Vinyl's records. These similarly situated employees may readily be notified of this action, and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, liquidated damages (or, alternatively, interest), and attorney's fees and costs under the FLSA.

## CLASS ALLEGATIONS UNDER NEW JERSEY LAW

34. Plaintiff brings the Second and Third Counts (the New Jersey state law claims) as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23. The New Jersey Class is defined as:

> All current and former non-exempt, hourly employees of Homeland Vinyl who worked at one of Homeland Vinyl's production facilities in New Jersey, during the

time period two years prior to the filing of this Complaint until the resolution of this action.

35. **Numerosity**: The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. On information and belief, Plaintiff estimates the class exceeds several hundred class members.

36. **Existence and Predominance of Common Questions**: There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

   a. Whether Homeland Vinyl failed to compensate Class members for all hours worked in violation of the NJSWHL;
   b. Whether Homeland Vinyl failed to compensate Class members with at least minimum wage for all compensable work time in violation of the NJSWHL;
   c. Whether Homeland Vinyl failed to properly compensate Class members with wages at a rate of not less than one and one-half the employee's regularly hourly wage for each hour or working time in excess of 40 hours in any week in violation of the NJSWHL;
   d. The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the Class as alleged herein.

37. **Typicality**: Plaintiff's claims are typical of the claims of the Class. Homeland Vinyl's common course of conduct in violation of law as alleged herein has caused Plaintiff and Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

38. **Adequacy of Representation**: Plaintiff is a member of the Class, does not have any conflicts of interest with other Class members, and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating large employment class actions, including wage and hour classes. Plaintiff will fairly and adequately represent and protect the interests of the Class members.

39. **Superiority of Class Action**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. The injury suffered by each Class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendant economically feasible. Individualized litigation increases the delay and expense to all Parties and the Court. By contrast, class action treatment will allow these similarly situated persons to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system.

40. In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create the risk of inconsistent or varying adjudication with respect to individual members of the Class and, in turn, would establish incompatible standards of conduct for Defendant.

41. Class treatment will allow those similarly situated persons to litigate their claims in the manner most efficient and economical for the Parties and the judicial system.

42. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION
**Violation of the Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq.*)**
**(Against Defendant – on Behalf of the Collective)**

43. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

44. The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

45. At all times material herein, Plaintiff and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

46. Homeland Vinyl is a covered employer required to comply with the FLSA's mandates.

47. Homeland Vinyl has violated the FLSA with respect to Plaintiff and the Collective, by, *inter alia,* failing to compensate Plaintiff and the Collective for all hours worked, failing to pay the legally mandated overtime premium for such work and/or minimum wage, and failing to provide compensation that is unconditional, free, and clear of deductions and/or kickbacks as, described hereinabove.

48. Homeland Vinyl has also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiff and the Collective. 29 U.S.C. § 211(c).

49. Plaintiff and the Collective are victims of a uniform and company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to current and former non-exempt, hourly employees of Homeland Vinyl, working throughout the United States.

50. Plaintiff and the Collective are entitled to damages equal to the mandated pay, including straight time and overtime premium pay within the three years preceding the filing of the complaint, because Homeland Vinyl has acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

51. Homeland Vinyl has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the Collective are entitled to recover an award of liquidated damages in an amount

equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

52. Plaintiff and Class members are entitled to all of the unpaid wages, plus an additional equal amount as liquidated damages, court costs, attorneys' fees and expenses they expend in successfully bringing this action to recover their unpaid wages, and any other relief deemed appropriate by the Court.

53. Wherefore, Plaintiff and the Collective request relief as hereinafter provided.

## SECOND CAUSE OF ACTION
### Failure to Pay Overtime Wages (N.J.S.A. 34:11-56a *et seq*.)
### (Against Defendant – on Behalf of the Class)

54. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

55. Homeland Vinyl does not compensate Plaintiff and Class members with a rate of not less than one and one-half the employee's regularly hourly wage for each hour or working time in excess of 40 hours in any week. Homeland Vinyl aggregates hours worked by hourly employees worked over a two week period to minimize overtime pay. This is a *per se* violation of New Jersey law. *See* N.J.A.C. 12:56-6.2(a) ("Overtime and minimum wage pay shall be computed on the basis of each workweek standing alone") and N.J.A.C. 12:56-6.2(b) ("Hours shall not be averaged over two or more workweeks.")

56. Homeland Vinyl does not account for shift differential pay when determining what the overtime rate should be for Plaintiff and Class members.

57. NJSWHL § 34:11-56a(4) provides that work performed in excess of 40 hours in a given week must be compensated at a rate of no less than one and one-half times the regular rate of pay for an employee.

58. New Jersey Administrative Code **12:56-6.1 provides as follows:**

> For each hour of working time in excess of 40 hours in any week … every employer shall pay to each of his or her employees, wages at a rate of not less than 1 1/2 times such employee's regular hourly wage.

59. For the purposes of calculating overtime premiums, New Jersey Administrative Code 12:56-6.5(b) provides that an employee's hourly rate should be determined as follows:

> The regular hourly wage of an employee is determined by dividing his or her total remuneration for employment, exclusive of overtime premium pay, in any workweek, by the total number of hours worked in that workweek for which such compensation was paid.

60. Wages are defined in NJSWHL § 34:11-56a(1) as:

> any moneys due an employee from an employer for services rendered or made available by the employee to the employer as a result of their employment relationship including commissions, bonus and piecework compensation and including any gratuities received by an employee for services rendered for an employer or a customer of an employer and the fair value of any food or lodgings supplied by an employer to an employee.

All such wages are subject to New Jersey's overtime requirements, including those set forth above.

61. Homeland Vinyl regularly requires Plaintiff and Class members to work in excess of forty hours per week, but does not compensate them at an overtime rate for this work. Furthermore, Homeland Vinyl regularly does not account for differential pay when calculating the overtime rate of hourly employees.

62. Plaintiff and Class members have worked overtime hours for Homeland Vinyl without being paid overtime premiums in violation of the NJSWHL, and other applicable law.

63. Homeland Vinyl has knowingly and willfully refused to perform its obligation to compensate Plaintiff and the Class members for all premium wages for overtime work. As a proximate result of the aforementioned violations, Homeland Vinyl has damaged Plaintiff and the Class members in amounts to be determined according to proof at time of trial.

64. Homeland Vinyl is liable to Plaintiff and the Class alleged herein for the unpaid overtime and civil penalties, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs pursuant to NJSWHL § 34:11-56a25, and New Jersey Administrative Code 12:56-1.5 and 12:56-5.3(a).

65. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

### THIRD CAUSE OF ACTION
### Penalties for Violation of N.J.S.A. 34: 11-4.3
### (Against Defendant – on Behalf of the Class)

66. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

67. The New Jersey Wage Payment Law, N.J.S.A. 34:11-4.3, provides that when an employee is discharged or terminates employment for any reason, the employer must pay the employee all wages due not later than the regular payday for the pay period during which the employee's termination, suspension or cessation of employment took place.

68. Members of the New Jersey Class have terminated their employment with the defendant and the defendant has not tendered payment and/or restitution of wages owed or in the manner required by New Jersey law to them and have thereby caused such members of the New Jersey Class to suffer damages.

69. Therefore, Plaintiff and class members demand appropriate penalties for defendant's failure to timely pay wages on behalf of himself and all other similarly situated persons within six years of the filing of this Complaint until date of entry of judgment.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a) Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the FSLA and NJSWHL;

b)  For a declaratory judgment that Defendant has violated the FLSA and NJSWHL;

c)  Declaring that Defendant's violations of the FLSA were willful within the meaning of the FLSA;

d)  For preliminary, permanent, and mandatory injunctive relief prohibiting Defendant, its officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

e)  For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

f)  For an order awarding Plaintiff and the Class and Collective members compensatory damages, including lost wages, earnings, and other employee benefits, restitution, and all other sums of money owed to Plaintiff and Class and Collective members, together with interest on these amounts, according to proof;

g)  For an award of liquidated damages pursuant to the FLSA;

h)  For an award of reasonable attorneys' fees as provided by the FLSA, and NJSWHL and/or other applicable law;

i)  For all costs of suit;

j)  For interest on any damages and/or penalties awarded, as provided by applicable law; and

k)  For such other and further relief as this Court deems just and proper.

Dated: June 13, 2017

Respectfully submitted,

*[signature]*

Shanon J. Carson (*Pro Hac Vice* to be submitted)
Sarah R. Schalman-Bergen (*Pro Hac Vice* to be submitted)
Camille Fundora (SBN 017642011)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103
Tel: (215) 875-3000
Fax: (215) 875-4604

Carolyn Hunt Cottrell (*Pro Hac Vice* to be submitted)

16

David C. Leimbach (*Pro Hac Vice* to be submitted)
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Dated: June 13, 2017

Respectfully submitted,

_____
Shanon J. Carson (*Pro Hac Vice* to be submitted)
Sarah R. Schalman-Bergen (*Pro Hac Vice* to be submitted)
Camille Fundora (SBN 017642011)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103
Tel: (215) 875-3000
Fax: (215) 875-4604

Carolyn Hunt Cottrell (*Pro Hac Vice* to be submitted)
David C. Leimbach (*Pro Hac Vice* to be submitted)
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105