# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

-----------------------------------------------------------------

| | |
|---|---|
| **WILLIS BREWER, individually and on behalf of all persons similarly situated,** | : |
| | : Civil Action No.: 1:17-CV-4290 |
| | : |
| **Plaintiff,** | : |
| | : |
| v. | : |
| | : |
| | : |
| **HOMELAND VINYL PRODUCTS, INC.,** | : |
| | : |
| **Defendant.** | : |

-----------------------------------------------------------------

### SETTLEMENT AGREEMENT AND RELEASE

1.     This Settlement Agreement and Release (the "Settlement Agreement," "Settlement" or "Agreement") is entered into between Plaintiff Willis Brewer ("Plaintiff"), individually and on behalf of all other allegedly similarly-situated persons who do not exclude themselves from this settlement as more fully set forth herein, and Defendant Homeland Vinyl Products, Inc. ("Defendant" or "Homeland Vinyl"), subject to the approval of the Court. Named Plaintiff and Defendant may be referred to collectively as the "Parties."

### RECITALS

2.     On June 13, 2017, Plaintiff Brewer, a former non-exempt hourly employee of Homeland Vinyl, filed a Class and Collective Action Complaint against Defendant alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the New Jersey State Wage and Hour Law, N.J.S.A. §§ 34:11-56a et seq. ("NJSWHL"), and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.3 ("NJWPL"). (ECF No. 1.)

3.     On July 27, 2017, Defendant field an Answer to Plaintiff's Complaint. (ECF No. 14.)

4.     The Parties engaged in limited discovery, and on July 31, 2018, Defendant filed a Motion for Partial Summary Judgment. (ECF No. 52.)  Plaintiff filed an Opposition to Defendant's Motion for Partial Summary Judgment on September 18, 2018. (ECF Nos. 63-64.) Defendant filed its Reply on October 9, 2018. (ECF No. 68.)

5.     On October 12, 2018, Plaintiff filed a Motion to Conditionally Certify the FLSA Collective and to Facilitate Notice to the potential collective members ("Notice Motion"). (ECF No. 69.)

6.     The Parties then agreed to engage in Alternative Dispute Resolution ("ADR"), including an in-person mediation session. On December 20, 2018, the Parties participated in

DocuSign Envelope ID: B4A880B4 B390 4B46 A032 00550C45B038

mediation before an experienced mediator, Stephen Sonnenberg, Esq.  Prior to the mediation, and pursuant to the Parties' agreed ADR process, Defendant provided Plaintiffs with human resources and payroll records relating to current and former employees of Homeland Vinyl who are alleged to be similarly situated to Plaintiff, which Plaintiff's Counsel reviewed and analyzed.

7.      As a result of the mediation, the Parties have agreed to settle the Action according to the terms of this Settlement Agreement.

8.      Class Counsel has made a thorough and independent investigation of the facts and law relating to the allegations in the Action.  In agreeing to this Settlement Agreement, Named Plaintiff has considered: (a) the facts developed during discovery and the Parties' mediation process and the law applicable thereto; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against Defendant; and (c) the desirability of consummating this Settlement according to the terms of this Settlement Agreement. Named Plaintiff has concluded that the terms of this Settlement are fair, reasonable and adequate, and that it is in the best interests of Named Plaintiff, the Opt-in Plaintiffs, and the Settlement Class (as defined below) to settle their claims against Defendant pursuant to the terms set forth herein.

9.      Defendant denies all of the allegations in the Action and denies that it is liable for alleged failure to pay overtime compensation or any alleged wage payment, wage and hour or similar violation. This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendant or any of the Releasees (as defined below) of any fault, liability or wrongdoing, which Defendant expressly denies.  Nonetheless, without admitting or conceding any liability or damages whatsoever, Defendant has agreed to settle on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Action.

10.      The Parties recognize that notice to the Settlement Class of the material terms of this Settlement, as well as Court approval of this Settlement, are required to effectuate the Settlement, and that the Settlement will not become operative until the Court grants final approval of it, the Settlement becomes Final, and the Settlement Effective Date occurs.

11.      The Parties stipulate and agree that, for settlement purposes only, the requisites for establishing collective action certification under the FLSA pursuant to 29 U.S.C. § 216(b), and class certification pursuant to FED. R. CIV. P. 23(a) and (b)(3) are met. Should this Settlement not become Final, such stipulation to conditional certification or class certification shall become null and void and shall have no bearing on, and shall not be admissible in connection with, the issue of whether or not conditional certification or class certification would be appropriate in a non-settlement context.  Defendant specifically denies that collective or class certification is otherwise warranted, and reserves the right to challenge such certification(s) in the event Settlement is not approved and finalized.

12.      In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each party to the other, IT IS HEREBY AGREED, by and between the undersigned, subject to the final approval of the Court and the other conditions set forth herein, that Named Plaintiff's, Opt-in Plaintiffs' and the Settlement Class Members' (as defined below) claims as described herein against Defendant shall

be settled, compromised and dismissed, on the merits and with prejudice, and that the Eligible Class Members' Released Claims (as defined below) shall be finally and fully compromised, settled, and dismissed as to the Defendant and Releasees, in the manner and upon the terms and conditions set forth below.

## **DEFINITIONS**

13.    The following terms used in this Settlement Agreement shall have the meanings ascribed to them below:

a.    "Action" means the above captioned Action.

b.    "CAFA Notice" means the notice to be sent by Defendant to appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) ("CAFA"), within ten (10) business days after the submission of this Settlement Agreement to the Court. A copy of any CAFA Notice shall be provided to Class Counsel.

c.    "Class Counsel" means Berger Montague PC and Schneider Wallace Cottrell Konecky Wotkyns LLP.

d.    "Class Periods" collectively mean:

i.    The "FLSA Collective Period," which means the period from June 13, 2014 through December 20, 2018;

ii.    The "New Jersey Period," which means the period from June 13, 2011 through December 20, 2018;

e.    "Court" means the United States District Court for the District of New Jersey.

f.    "Defendant" means Homeland Vinyl Products, Inc.

g.    "Defendant's Counsel" means Ford Harrison LLP.

h.    "Eligible Class Member" means (i) Named Plaintiff; (ii) Opt-In Plaintiffs, and (iii) all Settlement Class Members who do not timely and validly exclude themselves from the Settlement.

i.    "Effective Date" means the first business day after the Court's Final Approval Order if there are no objectors, and if there are any objectors, means the first business day after the Court's Final Approval Order becomes Final.

j.    "Final" shall mean, with respect to a judgment or order, that the judgment or order is final and appealable and either (a) no appeal, motion, or petition to review or intervene has been taken with respect to the judgment or order as of the date on which all times to appeal, move, or petition to review or intervene therefrom have expired, or (b) if an appeal, motion or

petition to intervene or other review proceeding of the judgment or order has been commenced, such appeal, motion or petition to intervene or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions for rehearing or re-argument, petitions for rehearing *en banc*, petitions for writ of certiorari or otherwise, and such appeal or other review has been finally resolved in such manner that affirms the judgment or order in its entirety.

k.      "Fee Award" means the award of attorneys' fees that the Court authorizes to be paid to Class Counsel for the services they rendered to Named Plaintiff and the Settlement Class in the Action.

l.      "Final Approval" or "Final Approval Order" means the Court's Final Approval Order approving the Settlement and entering judgment.

m.      "Final Approval Hearing" means the hearing to be held by the Court to consider the final approval of the Settlement.

n.      "Gross Settlement Amount" means the maximum amount that Defendant shall pay in connection with this Settlement, in exchange for the release of the Eligible Class Members' Released Claims, and shall include, subject to Court approval, the Fee Award, an award of litigation costs to Class Counsel, Service Awards, and settlement administration costs. The Gross Settlement Amount is the gross sum of One Million Three Hundred Thousand Dollars and Zero Cents ($1,300,000.00). In no event shall (i) the Gross Settlement Amount exceed this sum; or (ii) shall Defendant be required to pay more than the Gross Settlement Amount in connection with the Settlement, except that Defendant shall be responsible for its own attorneys' fees and costs, and the employer's share of payroll taxes attributable to the wage portions of the Settlement Awards.

o.      "Initial Mailing" is defined in Section 20 below.

p.      "Named Plaintiff" means Willis Brewer.

q.       "Net Settlement Amount" means the Gross Settlement Amount less the following amounts, as agreed upon by the Parties and to the extent approved by the Court: (i) Fifteen Thousand Dollars ($15,000.00) to Named Plaintiff Willis Brewer, for his efforts in bringing and prosecuting this matter ("Service Award"); (ii) the payment of the Fee Award, not to exceed one-third (1/3) of the Gross Settlement Amount, plus the payment of out-of-pocket costs incurred by Class Counsel, which currently are estimated to be $17,000; and (iii) the costs related to administering this Settlement, not to exceed Twenty-Six Thousand Dollars ($26,000.00). The Parties acknowledge that all of these amounts are subject to the Court's approval.

r.      "Notice Deadline" means the date sixty (60) days after the Settlement Notice is initially mailed by the Settlement Administrator to the Settlement Class. Settlement Class Members shall have until the Notice Deadline to object to or opt out of the Settlement.

s.      "Opt-In Plaintiffs" means individuals, who at the time of Preliminary Approval, already submitted an Opt-In Consent Form to join this Action to assert FLSA claims.

t.      "Parties" means the parties to this Agreement, Named Plaintiff and

Defendant.

u. "Preliminary Approval" or "Preliminary Approval Order" means the Court's Preliminary Approval Order preliminarily approving the terms and conditions of this Agreement.

v. "Releasees" means Defendant and its present and former parent companies, subsidiaries, affiliates, divisions, and joint ventures, and all of its and their past and present shareholders, officers, directors, employees, agents, servants, owners, members, investors, executors, administrators, general partners, limited partners, real or alleged alter egos, predecessors, successors, transferees, assigns, registered representatives, attorneys, insurers, partners, profit sharing, savings, health and other employee benefit plans of any nature, the successors of such plans and those plans' respective trustees, administrators, agents, employees, attorneys, fiduciaries, and other persons acting on its or their behalf, and each of them, and the predecessors and successors, assigns and legal representatives of all such entities and individuals.

w. "Settlement Administrator" means the Angeion Group.

x. "Settlement Award" means the payment that each Eligible Class Member shall be entitled to receive pursuant to the terms of this Agreement.

y. "Settlement Class" or "Settlement Class Member" means the Named Plaintiff, all Opt-in Plaintiffs, and all current and former non-exempt, hourly production employees of Defendant who worked more than forty hours in at least one workweek at (i) Defendant's production facilities in Alabama, Tennessee, or Utah at any time between June 13, 2014 and December 20, 2018, and (ii) Defendant's production facilities in New Jersey at any time between June 13, 2011 and December 20, 2018. Defendant has produced data confirming that there are approximately 639 members of the Settlement Class including Plaintiff. Plaintiff has relied on this number in agreeing to the Settlement.

z. "Eligible Class Members" means all Settlement Class Members who do not file timely and valid exclusion requests from the Settlement. Plaintiff is included within the term Eligible Class Members.

aa. "Eligible Class Members' Released Claims" is defined below in Paragraph 17.

bb. "Settlement Notice" or "Notice" mean the Notice of Class Action Settlement to the Settlement Class who worked in New Jersey substantially in the form as Exhibit A attached hereto or the Notice of Class Action Settlement to the Settlement Collective who worked in Alabama, Tennessee, and Utah substantially in the form as Exhibit B, as approved by the Court.

## RELEASES

14. In exchange for the consideration set forth in this Settlement Agreement, Named Plaintiff and Eligible Class Members agree to release all claims as set forth herein as applicable.

DocuSign Envelope ID: B4A880A4D190-4B16-A032-00550C45D038

15.     The Parties acknowledge and agree that, with the exception of the Named Plaintiff and Opt-In Plaintiffs, only Eligible Class Members who cash or deposit their Settlement Award check shall release their FLSA claims against Defendant and Releasees. Named Plaintiff shall be deemed to have released his FLSA and state law claims upon Final Approval by virtue of having executed this Agreement.

16.     **Eligible Class Members' Released Claims:** Upon Final Approval of the Settlement Agreement, Named Plaintiff and Eligible Class Members shall and hereby do release and discharge, Defendant and all Releasees, finally, forever and with prejudice of any and all state law claims for unpaid overtime, state wage and hour, and related common law claims based on the facts alleged in Complaint or could have been alleged in the Complaint related to their pay against Defendant that accrued during their work with Defendant during the Class Periods, without limitations, all state claims for unpaid overtime wages, and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses. However, only Eligible Class Members who cash or deposit their Settlement Award check will be deemed to have released their FLSA claims. Defendant agrees that participation in the settlement and release of the Eligible Class Members' Released Claims may not be used to assert collateral estoppel, *res judicata*, waiver or any other claim preclusion of FLSA claims or other claims not included in the Eligible Class Members' Released Claims with respect to individuals who did not specifically release those FLSA or other claims in this Agreement.

17.     **Release Language on Settlement Checks.** The Settlement Administrator shall include the following release language on the back of each Settlement Award check:

> By signing or cashing this check, I affirm my release of Homeland Vinyl Products, Inc. and all Releasees of all Eligible Class Members' Released Claims as defined in the Settlement Agreement approved by the Court in *Brewer v. Homeland Vinyl Products, Inc.*, No. 1:17-cv-4290 (D.N.J.). I affirm that I will not sue or assert any of the Eligible Class Members' Released Claims, including FLSA claims, against any Releasee.

18.     **Covenant Not To Sue.**  Named Plaintiff, Opt-In Plaintiffs, and Eligible Class Members, to the fullest extent allowed by law, are prohibited from asserting any claims released by them in this Settlement, and from commencing, joining in, prosecuting, or voluntarily assisting in a lawsuit or adversarial proceeding against the Releasees, based on claims released by them in this Settlement ("Covenant Not to Sue").  A "covenant not to sue" is a legal term, which means that a party promises not to file a lawsuit against another in court.  It is different than the general releases contained in Paragraph 16 above.  This Covenant Not to Sue shall not apply should either party sue to enforce the terms of this Agreement or for a breach of this Agreement. Excluded from this prohibition are any instances where any individual is legally compelled to testify through service of a subpoena or other process; however, any such individual must notify Homeland Vinyl in writing within five (5) business days of service of such subpoena or other process.

## CERTIFICATION, NOTICE, AND SETTLEMENT IMPLEMENTATION

19.     The Parties agree to the following procedures for obtaining Preliminary Approval of the Settlement, certifying the Settlement Class, and notifying the Settlement Class of this

Settlement:

    a. **Request for Class Certification and Preliminary Approval Order**. Named Plaintiff shall file an Unopposed Motion for Preliminary Approval of Settlement Agreement, requesting that the Court certify the Settlement Class pursuant to 29 U.S.C. § 216(b) and FED. R. CIV. P. 23(a) and (b)(3) for the sole purpose of settlement; preliminarily approve the Settlement Agreement and its terms; approve the proposed form of the Settlement Notice and find that the proposed method of disseminating the Settlement Notice meets the requirements of due process and is the best notice practicable under the circumstances; set a date for Named Plaintiff's motion for Final Approval of the Settlement, and approval of the requested Service Award, Fee Award; and set a date for the Final Approval Hearing. Named Plaintiff shall provide Defendant a copy of a draft Unopposed Motion for Preliminary Approval of Settlement Agreement at least seven (7) business days in advance of filing it with the Court.

    b. **Notice**. The Settlement Administrator shall be responsible for preparing, printing and mailing the Settlement Notice to all Settlement Class Members.

    c. Within ten (10) business days after the Court's Preliminary Approval of the Settlement, Defendant shall provide to the Settlement Administrator an electronic list of Settlement Class members containing the names, last known addresses, last known telephone numbers (if any), social security numbers or tax ID numbers of each Settlement Class Member, along with locations of work, and dates of hire and termination that each Settlement Class Member worked for Defendant during the Class Periods ("Class List"). The address, telephone number, and social security numbers from the Class List shall be kept strictly confidential and shall not be shared with Class Counsel or any other parties unless approved by Defendant in writing. Class Counsel will receive a copy of the Class List without the contact information (last known address, last known telephone number (if any), and social security numbers or tax ID numbers) identified above.

    d. Within ten (10) business days after the Court's Preliminary Approval of the Settlement, Class Counsel shall provide to the Settlement Administrator any available address updates for the Named Plaintiff and Opt-In Plaintiffs.

    e. In order to provide the best notice practicable, prior to mailing the Settlement Notice, the Settlement Administrator will take reasonable efforts to identify current addresses via public and proprietary systems.

    f. Within twenty (20) business days after the Court's Preliminary Approval Order, the Settlement Administrator shall mail the agreed upon and Court approved Settlement Notice to Named Plaintiff, Opt-in Plaintiffs, and Settlement Class Members ("Initial Mailing"). The Settlement Administrator shall provide notice to Class Counsel and Defendant's Counsel that the Settlement Notices have been mailed.

    g. Any Settlement Notice returned to the Settlement Administrator with a forwarding address shall be re-mailed within three (3) business days following receipt of the returned mail. If any Settlement Notice is returned to the Settlement Administrator without a forwarding address, the Settlement Administrator shall undertake reasonable efforts to search for the correct address, and shall promptly re-mail the Settlement Notice to any newly found

DocuSign Envelope ID: B4A880A4D390-4B46-A032-00550C45B038

addresses. In no circumstance shall such re-mailing extend the Notice Deadline.

       h.    Defendant will not take any retaliatory action against any current employee because he/she is eligible to participate or does participate in the Settlement. Defendant will take no position regarding participation in this Settlement.

20.    **Objections.** The Settlement Notice shall provide that Settlement Class Members who worked in the state of New Jersey who wish to object to the Settlement must, on or before the Notice Deadline, mail to Class Counsel and Defendant's Counsel a written statement objecting to the Settlement. Such objection shall not be valid unless it includes the information specified in the Settlement Notice. The statement must be signed personally by the objector, and must include the objector's name, address, telephone number, email address (if applicable), the factual and legal grounds for the objection, and whether the objector intends to appear at the Final Approval Hearing. The Settlement Notice shall advise Settlement Class Members that objections shall only be considered if the Settlement Class Member has not opted out of the Settlement. No Settlement Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through counsel), unless written notice of the Settlement Class Member's intention to appear at the Final Approval Hearing has been filed with the Court and served upon Class Counsel and Defendant's Counsel on or before the Notice Deadline, and the Settlement Class Member has not opted out of the Settlement. The postmark date of mailing to Class Counsel and Defendant's Counsel shall be the exclusive means for determining that an objection is timely mailed to counsel. If postmark dates differ, the later of the two postmark dates will control. Persons who fail to return timely written objections in the manner specified above shall be deemed to have waived any objections and oppositions to the Settlement's fairness, reasonableness and adequacy, and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. None of the Parties, their counsel, nor any person on their behalf, shall seek to solicit or otherwise encourage anyone to object to the settlement, or appeal from any order of the Court that is consistent with the terms of this Settlement, or discourage participation in the Settlement process.

21.    **Requests for Exclusion**. The Settlement Notice shall provide that Settlement Class Members who worked in the state of New Jersey, other than Named Plaintiff, who wish to exclude themselves from the Settlement ("opt out") must mail to the Settlement Administrator a written statement indicating that they do not wish to participate or be bound by the Settlement. The written request for exclusion must contain the Settlement Class Member's full name, address, telephone number, email address (if applicable), and last four digits of their social security number, and must be signed individually by the Class Member. No opt-out request may be made on behalf of a group. Such written statement must be postmarked by the Notice Deadline.

22.    **Final Report**. Within five (5) business days after the Notice Deadline, the Settlement Administrator shall provide to Class Counsel and Defendant's Counsel notice of (a) the total number of Settlement Class Members who filed timely and valid requests for exclusion from the Settlement, along with the complete copies of all requests for exclusion, including their postmark dates, and (b) information regarding the total number of Notices returned as undeliverable along with remailing information. The Settlement Administrator shall work with Class Counsel to prepare a formal report for submission at the Final Approval Hearing, including an affidavit from the Settlement Administrator (if necessary).

23.   **Final Approval Hearing**. After review and approval by Defendant, Named Plaintiff shall request that the Court schedule the Final Approval Hearing no earlier than thirty (30) days after the Notice Deadline to determine final approval of the settlement and to enter a Final Approval Order:

   a.   certifying this Action and Settlement Class as an FLSA collective action under 29 U.S.C. § 216(b) and as a class action under Fed. R. Civ. P. 23(a) and (b)(3) for purposes of settlement only;

   b.   finding dissemination of the Settlement Notice was accomplished as directed and met the requirements of due process;

   c.   finally approving the Settlement and its terms as a fair, reasonable and adequate;

   d.   directing that the Settlement funds be distributed in accordance with the terms of this Settlement Agreement;

   e.   directing that the Action be dismissed finally, fully, forever and with prejudice and in full and final discharge of any and all Settling Class Members' Released Claims; and

   f.   retaining continuing jurisdiction over this Action for purposes only of overseeing all settlement administration matters.

## SETTLEMENT FUNDS AND AWARD CALCULATION

24.   **Gross Settlement Amount.**

   a.   Within ten (10) business days after Preliminary Approval is granted, Defendant shall electronically transfer the Gross Settlement Amount to the Settlement Administrator. Upon receipt by the Settlement Administrator, these funds shall be transferred immediately to a Qualified Settlement Fund satisfying the requirements of Treasury Regulation Section 1.468B-1. The Settlement Administrator shall provide Defendant's Counsel with an escrow agreement iwithin three (3) business days of Preliminary Approval. The Settlement Administrator shall provide Defendant with a Section 1.468B-1 Relation Back Election that meets the requirements of Regulation Section 1.468B-1(j)(2) within five (5) business days after receipt of the funds. Defendant shall execute and return this document to the Settlement Administrator, to the extent necessary, which shall be affixed to the initial tax return of the Qualified Settlement Fund in order to establish the start date of the Qualified Settlement Fund. Except for any costs associated with distribution of Settlement Notice, the entire Gross Settlement Amount, plus any interest earned on the Gross Settlement Amount, shall be refunded to Defendant if the Settlement does not obtain Final Approval or otherwise does not become Final, or the Effective Date does not occur. There shall be no reversion of any portion of the Gross Settlement Amount to Defendant at any time after the Effective Date except as provided in Paragraphs 34 and/or 37.

   b.   **Disbursement by Settlement Administrator**. All disbursements shall be made from the Qualified Settlement Fund. The Settlement Administrator shall be the only entity authorized to make withdrawals or payments from the Qualified Settlement Fund.

25.     **Payments**. Subject to the Court's Final Approval Order, the following amounts shall be paid by the Settlement Administrator from the Gross Settlement Amount:

a.     **Service Awards to Named Plaintiff**. Subject to the Court's approval, Named Plaintiff shall receive Fifteen Thousand Dollars ($15,000.00) for his efforts in bringing and prosecuting this matter. The Qualified Settlement Fund shall issue a Form 1099 for these payments. This payment shall be made within five (5) business days after the Effective Date.

b.     **Fee Awards and Costs**.

(i)     Subject to the Court's approval, Class Counsel shall receive a Fee Award in an amount up to one-third (1/3) of the Gross Settlement Amount, which will compensate Class Counsel for all work performed in the Action as of the date of this Settlement Agreement as well as all of the work remaining to be performed, including but not limited to documenting the Settlement, securing Court approval of the Settlement, making sure that the Settlement is fairly administered and implemented, and obtaining final dismissal of the Action. In addition, Class Counsel shall, subject to Court approval, receive reimbursement of their out-of-pocket costs approved by the Court. These payments of attorneys' fees and costs shall be made within five (5) business days after the Effective Date.

(ii)     The attorneys' fees and costs paid by Defendant pursuant to this Agreement, out of the Gross Settlement Amount, shall constitute full satisfaction of Defendant's obligations to pay amounts to any person, attorney or law firm for attorneys' fees or costs in this Action on behalf of Named Plaintiff, Opt-In Plaintiffs and/or any Settlement Class Member, and shall relieve Defendant from any other claims or liability to any other attorney or law firm for any attorneys' fees or costs to which any of them may claim to be entitled on behalf of Named Plaintiff, Opt-In Plaintiffs or any Settlement Class Member.

(iii)     A Form 1099 shall be provided to Class Counsel for the payments made to Class Counsel. Class Counsel shall be solely and legally responsible to pay any and all applicable taxes on the payment made to them.

c.     **Settlement Administration Costs**. Settlement Administration costs shall be paid from the Gross Settlement Amount. The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs incurred in the administration of the Settlement.

d.     **Settlement Awards to Eligible Class Members**. Settlement Awards shall be made to Eligible Class Members as set forth below.

26.     **No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement**. No person shall have any claim against Defendant, Class Counsel, or Defendant's Counsel based on distributions or payments made in accordance with this Settlement Agreement.

DocuSign Envelope ID: B4A68064-B901-4349-A923-80660045D038

## CALCULATION AND DISTRIBUTION OF SETTLEMENT AWARDS

27.     **Settlement Award Eligibility**. All Eligible Class Members shall be paid a Settlement Award from the Net Settlement Amount. The Settlement Administrator shall be responsible for determining eligibility for, and the amount of, the Settlement Awards to be paid to Eligible Class Members based on the following formula:

    a.    The amount of $100 per Eligible Class Member will be deducted from the Net Settlement Amount prior to the determination of *pro rata* individual settlement shares and allocated to each Eligible Class Member so that each Eligible Class Member receives at least $100 in exchange for their release in this Settlement Agreement.

    b.    In addition to the $100 payment set out in (a) above, Eligible Class Members shall receive *a pro rata* portion of the Net Settlement Amount as follows;

        i.    For full workweeks falling between the Eligible Class Member's date of hire and date of termination during the applicable Class Periods ("Credited Workweek"), he or she shall be eligible to receive a *pro rata* portion of the Net Settlement Amount. Each Credited Workweek will be equal to one (1) settlement share.

        ii.    The total number of settlement shares for all Eligible Class Members will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure. That figure will then be multiplied by each Eligible Class Member's number of settlement shares to determine the Eligible Class Member's Settlement Award.

28.     All Settlement Award determinations shall be based on the information provided to the Settlement Administrator as identified in Paragraph 19(c).

29.     Fifty percent (50%) of each Settlement Award to Eligible Class Members shall be treated as back wages, and accordingly, on each Settlement Award, the Settlement Administrator shall effectuate federal and applicable state income and employment tax withholding as required by law with respect to 50% of each Settlement Award distributed, and Defendant shall pay the employer's share of all required FICA and FUTA taxes on such amounts. Withholding shall be at the 25% supplemental wage tax rate. Defendant shall pay these taxes, which amounts shall be deposited into the Qualified Settlement Fund prior to the Settlement Awards being mailed to Eligible Class Members, in addition to the Gross Settlement Amount. Amounts withheld will be remitted by the Settlement Administrator from the Qualified Settlement Fund to the appropriate governmental authorities. The remaining 50% of each Settlement Award shall be treated as non-wage penalties and liquidated damages, to be reported on an IRS Form 1099, and shall not be subject to FICA and FUTA withholding taxes. Defendant shall cooperate with the Settlement Administrator to provide payroll tax information as necessary to accomplish the income and employment tax withholding on the wage portion of each Settlement Award, and the Form 1099 reporting for the non-wage portion of each Settlement Award.

30.     Class Counsel and Defendant's Counsel do not intend for this Settlement

DocuSign Envelope ID: B4A88061-B601-431B-A023-80650045D038

Agreement to constitute legal advice relating to the tax liability of any Eligible Class Member. To the extent that this Settlement Agreement, or any of its attachments, is interpreted to contain or constitute advice regarding any federal, state or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties.

31.     The Settlement Administrator shall provide Plaintiff's Counsel and Defendant's Counsel with a final report of all Settlement Awards, at least ten (10) calendar days before the Settlement Awards to Eligible Class Members are mailed.

32.     The Settlement Administrator shall mail all Settlement Awards to Eligible Class Members within thirty (30) days after the Effective Date or as soon as reasonably practicable. The Settlement Administrator shall then provide written certification of mailing to Plaintiff's Counsel and Defendant's Counsel.

33.     All Settlement Award checks shall remain valid and negotiable for one hundred eighty (180) days from the date of their issuance and may thereafter automatically be canceled if not cashed within that time, at which time the right to recover any Settlement Award will be deemed void and of no further force and effect. With ninety (90) days remaining, a reminder letter will be sent via U.S. mail and email by the Settlement Administrator to those who have not yet cashed their settlement check, and during the last sixty (60) days of the check cashing period, a telephone call will be placed by the Settlement Administrator to those that have still not cashed their check to remind them to do so. At the conclusion of the 180 day check cashing deadline, any Eligible Class Members who have not cashed their Settlement Award checks shall nevertheless be deemed to have finally and forever released the Eligible Class Members' Released Claims, as applicable, except that the Eligible Class Member shall not release any FLSA claims against Defendant.

34.     **Remaining Monies**. If at the conclusion of the 180-day check void period set forth above, there are any monies remaining, no amount of Settlement Awards attributable to Eligible Class Members who worked in New Jersey shall revert to Defendant, and any amount of uncashed checks from Eligible Class Members in New Jersey shall be paid to the Parties' agreed upon *cy pres* recipient, New Jersey Council of County Vocational-Technical Schools, subject to the Court's approval. Uncashed checks from Eligible Class Members who worked outside of New Jersey shall be returned to Defendant, and those Eligible Class Members shall not release any claims against Defendant.

## MISCELLANEOUS

35.     **No Admission of Liability.** This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendant or any of the Releasees of any fault or liability or wrongdoing.  Defendant has agreed to settle on the terms and conditions set forth in this Agreement to avoid the burden, expense, and uncertainty of continuing the Action only.

36.     **Defendant's Legal Fees.** Defendant's legal fees and expenses in this Action shall be borne by Defendant.

37. **Nullification of the Settlement Agreement**. In the event: (a) the Court does not preliminarily or finally approve the Settlement as provided herein; or (b) the Settlement does not become Final for any other reason; or (c) the Effective Date does not occur, the Parties agree to engage in follow up negotiations with the intent of resolving the Court's concerns that precluded approval, and if feasible, to resubmit the settlement for approval within thirty (30) days. If the Settlement is not approved as resubmitted or if the Parties are not able to reach another agreement, then either Party may void this Agreement; at that point, the Parties agree that each shall return to their respective positions on the day before this Agreement and that this Agreement shall not be used in evidence or argument in any other aspect of their litigation. In addition, upon voiding of the Agreement, the Gross Settlement Amount will be returned to Defendant, in full, consistent with Paragraph 24(a).

38. **Inadmissibility of Settlement Agreement.** Except for purposes of settling this Action, or enforcing its terms (including that claims were settled and released), resolving an alleged breach, or for resolution of other tax or legal issues arising from a payment under this Settlement Agreement, neither this Agreement, nor its terms, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession or damage.

39. **Computation of Time.** For purposes of this Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by FED. R. CIV. P. 6(a)(6)), such time period shall be continued to the following business day. The term "days" shall mean calendar days unless otherwise noted.

40. **Interim Stay of Proceedings.** The Parties agree to hold in abeyance all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement. Further, without further order of the Court, the Parties hereto may agree in writing to reasonable extensions of time to carry out any of the provisions of the Settlement.

41. **Amendment or Modification.** This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

42. **Entire Settlement Agreement.** This Agreement with exhibits constitutes the entire Agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents. All prior or contemporaneous negotiations, memoranda, agreements, understandings, and representations, whether written or oral, including the Parties executed Memorandum of Understanding executed on December 20, 2018, are expressly superseded hereby and are of no further force and effect. Each of the Parties acknowledges that they have not relied on any promise, representation or warranty, express or implied, not contained in this Agreement. No rights hereunder may be waived except in writing.

43. **Authorization to Enter Into Settlement Agreement.** The Parties warrant and represent that they are authorized to enter into this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel shall cooperate with each other and use their best efforts to effect the implementation of the Agreement. In the event that the Parties are unable to reach resolution on the form or content of any document needed to implement this Agreement, or on any supplemental provisions or actions that may become necessary to effectuate the terms of this Agreement, the Parties shall seek the assistance of the mediator, Stephen Sonnenberg, Esq., to resolve such disagreement.

44. **Binding on Successors and Assigns.** This Agreement shall be binding upon, and inure to the benefit of Named Plaintiff, Defendant, Opt-In Plaintiffs, the Settlement Class Members and their heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate or reorganize. The Parties hereto represent, covenant and warrant that they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

45. **Counterparts.** This Agreement may be executed in one or more counterparts, including by facsimile or email. All executed counterparts and each of them shall be deemed to be one and the same instrument. All executed copies of this Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

46. **No Signature Required by Eligible Class Members.** Only the Named Plaintiff will be required to execute this Settlement Agreement. The Settlement Notice will advise all Settlement Class Members of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each Settling Class Member.

47. **Cooperation and Drafting.** The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

48. **Governing Law.** All terms of this Settlement Agreement and the exhibits hereto shall be governed by and interpreted according to the laws of the State of New Jersey.

49. **Jurisdiction of the Court.** The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

**IN WITNESS WHEREOF**, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFF:** _____     Date: 3/28/2019 _____, 2019

**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____     Date: _____, 2019

Sarah R. Schalman-Bergen
Camille Fundora Rodriguez
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

_____     Date: _____, 2019

Carolyn Cottrell
David Leimbach
SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608

**DEFENDANT:** _____     Date: _____, 2019

Homeland Vinyl Products, Inc.

**APPROVED AS TO FORM BY DEFENDANT'S COUNSEL:**

_____     Date: _____, 2019

Salvador Simao
FORD HARRISON LLP
300 Connell Drive, Suite 4100
Berkeley Heights, NJ 07922

**IN WITNESS WHEREOF**, the Parties and their Counsel have executed this Settlement
Agreement as follows:

**PLAINTIFF:**    _____    Date: _____, 2019
                         Willis Brewer

**APPROVED AS TO FORM BY CLASS COUNSEL:**

                         _____    Date: 3/29, 2019
                         Sarah R. Schalman-Bergen
                         Camille Fundora Rodriguez
                         BERGER MONTAGUE PC
                         1818 Market Street, Suite 3600
                         Philadelphia, PA 19103

                         _____    Date: 3, 29, 2019
                         Carolyn Cottrell
                         David Leimbach
                         SCHNEIDER WALLACE
                         COTTRELL KONECKY WOTKYNS LLP
                         2000 Powell Street, Suite 1400
                         Emeryville, CA 94608

**DEFENDANT:**    _____    Date: _____, 2019
                         Homeland Vinyl Products, Inc.

**APPROVED AS TO FORM BY DEFENDANT'S COUNSEL:**

                         _____    Date: _____, 2019
                         Salvador Simao
                         FORD HARRISON LLP
                         300 Connell Drive, Suite 4100
                         Berkeley Heights, NJ 07922

15

**IN WITNESS WHEREOF**, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFF:** _____   Date: _____, 2019
Willis Brewer


**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____   Date: _____, 2019
Sarah R. Schalman-Bergen
Camille Fundora Rodriguez
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103


_____   Date: _____, 2019
Carolyn Cottrell
David Leimbach
SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608


**DEFENDANT:** _____   Date: March 29, 2019
Homeland Vinyl Products, Inc.


**APPROVED AS TO FORM BY DEFENDANT'S COUNSEL:**

_____   Date: 3/29, 2019
Salvador Simao
FORD HARRISON LLP
300 Connell Drive, Suite 4100
Berkeley Heights, NJ 07922


15

# EXHIBIT A

DocuSign Envelope ID: B4A88064-B20D-4349-A023-9D660045D038

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

-----------------------------------------------------------------

**WILLIS BREWER, individually and on**     :
**behalf of all persons similarly situated,**   : **Civil Action No.: 1:17-CV-4290**
    :
**Plaintiff,**     :
    :
    **v.**     :
    :
    :
**HOMELAND VINYL PRODUCTS, INC.**   :
    :
**Defendant.**     :
-----------------------------------------------------------------

### NOTICE OF SETTLEMENT

### PLEASE READ THIS NOTICE CAREFULLY.

You received this Notice of Settlement ("Notice") either because you 1) previously completed an Opt-In Consent Form to join this case; or 2) you did not previously join this case but the records of Homeland Vinyl Products, Inc. ("Defendant" or "Homeland Vinyl") show you performed work as a non-exempt, hourly production employee of Homeland Vinyl at its production facility in New Jersey at any time between June 13, 2011 and December 20, 2018.

| 1. | Why Should You Read This Notice? |
|---|---|

This Notice explains your right to share in the monetary proceeds of this Settlement, exclude yourself ("opt out") of the Settlement, or object to the Settlement. The United States District Court for the District of New Jersey has preliminarily approved the Settlement as fair and reasonable. The Court will hold a Final Approval Hearing on _____, 2019 at _____, before the Honorable [Judge] in [location].

| 2. | What Is This Case About? |
|---|---|

This lawsuit alleges that individuals who performed worked as non-exempt, hourly employees at Defendant's production facilities in Alabama, Tennessee, Utah, and New Jersey were not paid all overtime compensation to which they were entitled under the Fair Labor Standards Act and/or the New Jersey Wage and Hour Law and New Jersey Wage Payment Law. Defendant denies that these individuals were entitled to any overtime compensation or other compensation beyond the compensation they received and denies any wrongdoing and any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the lawsuit. The Parties

have concluded that it is in their best interests to resolve and settle the lawsuit by entering into a Settlement Agreement.

| 3. | What Are the Terms of the Settlement? |
|---|---|

Defendant has agreed to pay One Million Three Hundred Thousand Dollars and Zero Cents ($1,300,000.00) to settle this lawsuit ("Gross Settlement Amount"). Deductions from this amount will be made for attorneys' fees and costs for Class Counsel (see below), settlement administration costs (up to $26,000), and a service award in the amount of Fifteen Thousand Dollars ($15,000) to Plaintiff Brewer in recognition of his service to the Settlement Class. After deductions of these amounts, what remains of the Gross Settlement Amount (the "Net Settlement Amount") will be available to pay monetary Settlement Awards to (i) Named Plaintiff; (ii) Opt-In Plaintiffs, and (iii) all Settlement Class Members who do not timely and validly exclude themselves from the Settlement (collectively, "Eligible Class Members").

Named Plaintiff and all Eligible Class Members will be eligible to receive a monetary award from the Net Settlement Amount.

| 4. | How Much Can I Expect to Receive? |
|---|---|

All Eligible Class Members will receive a *pro rata* share of the Net Settlement Amount based on the total number of workweeks that the Eligible Class Member worked for Defendant as a non-exempt hourly employee at its production facilities during the relevant Class Period.[1]

Specifically, the amount of $100 per Eligible Class Member will be deducted from the Net Settlement Amount prior to the determination of *pro rata* individual settlement shares and allocated to each Eligible Class Member so that each Eligible Class Member receives at least $100 in exchange for their release in this Settlement Agreement.

In addition to the $100 payment set out in (a) above, Eligible Class Members shall receive *a pro rata* portion of the Net Settlement Amount as follows:

1. For full workweeks falling between the Eligible Class Member's date of hire and date of termination during the applicable Class Period ("Credited Workweek"), he or she shall be eligible to receive a *pro rata* portion of the Net Settlement Amount. Each Credited Workweek will be equal to one (1) settlement share.

2. The total number of settlement shares for all Eligible Class Members will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure. That figure will then be multiplied by each Eligible Class Member's number of settlement shares to determine the Eligible Class

---

[1] For Eligible Class Members who performed work in Alabama, Tennessee, and Utah, the Class Period is from June 13, 2014 through December 20, 2018. For Eligible Class Members who performed work in New Jersey, the Class Period is from June 13, 2011 through May 1, 2018.

Member's Settlement Award.

All Settlement Award determinations will be based on dates of hire and separation for Settlement Class members. To learn more information about the Credited Workweeks that you will be credited with, you may contact the Settlement Administrator.

Fifty percent (50%) of each Eligible Class Members' Settlement Award shall be treated as back wages, and fifty percent (50%) shall be treated as non-wage penalties and/or liquidated damages. The portion allocated to claims for unpaid overtime and other wage-related damages will be subject to all required employee payroll taxes and deductions, and Homeland Vinyl will pay the employer side of the FICA and FUTA taxes separate from the Settlement Award payment. The portion allocated to liquidated damages shall be characterized as non-wage income and will be reported on an IRS Form 1099.

If you receive a Settlement Award, you will have 180 days to cash the check that will be sent to you. If at the conclusion of the 180-day check void period set forth above, there are any monies remaining, no amount of Settlement Awards attributable to Eligible Class Members who worked in New Jersey shall revert to Defendant, and any amount of uncashed checks from Eligible Class Members in New Jersey shall be paid to the Parties' agreed upon *cy pres* recipient, New Jersey Council of County Vocational-Technical Schools, subject to the Court's approval. Uncashed checks from Eligible Class Members who worked outside of New Jersey shall be returned to Defendant, and those Eligible Class Members shall not release any claims against Defendant.

**It is your responsibility to keep a current address on file with the Settlement Administrator to ensure receipt of your monetary Settlement Award. If you fail to keep your address current, you may not receive your Settlement Award.**

| **5.** | **What Are The Releases?** |
|---|---|

If the Court grants final approval of the Settlement, the lawsuit will be dismissed with prejudice against Defendant, and upon final approval of the Settlement Agreement, Named Plaintiff and Eligible Class Members shall and hereby do release and discharge, Defendant and all Releasees, finally, forever and with prejudice of any and all state law claims for unpaid overtime, state wage and hour, and related common law claims based on the facts alleged in Complaint against Defendant that accrued during their work with Defendant during the relevant Class Periods, without limitations, all state claims for unpaid overtime wages, and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses. However, only Eligible Class Members who cash or deposit their Settlement Award check will be deemed to have released their FLSA claim. Defendant agrees that participation in the settlement and release of the Eligible Class Members' Released Claims may not be used to assert collateral estoppel, *res judicata*, waiver or any other claim preclusion of FLSA claims or other claims not included in the Eligible Class Members' Released Claims with respect to individuals who did not specifically release those FLSA or other claims in this Agreement.

| 6. | **What Are My Rights?** |
|---|---|

- **Do Nothing**: If you are a Settlement Class Member, and you do nothing, you will receive a Settlement Award, and you will be bound by the Settlement including its release provisions, except that you will not release your FLSA claims unless you cash or deposit the Settlement Award check.

- **Opt-Out**: If you are a member of the Settlement Class and do not wish to be bound by the Settlement, you must submit a written exclusion from the Settlement ("opt-out"), postmarked by [INSERT]. The written request for exclusion must contain your full name, address, telephone number, email address (if applicable), last four digits of your social security number, and must be signed individually by you. No opt-out request may be made on behalf of a group. The opt-out request must be sent by mail to the Settlement Administrator. **Any person who requests exclusion (opts out) of the settlement will not be entitled to any Settlement Award and will not be bound by the Settlement Agreement or have any right to object, appeal or comment thereon**.

- **Object**: If you received this Notice and wish to object to the Settlement, you must submit a written statement objecting to the Settlement. The statement must state the factual and legal grounds for your objection to the settlement. Your objection must state your full name, address, telephone number, and email address (if applicable), and must be signed by you. Any objection must be mailed to:

Sarah R. Schalman-Bergen
**BERGER MONTAGUE PC**
1818 Market St., Suite 3600
Philadelphia, Pennsylvania 19103

Salvador Simao
**FORD HARRISON LLP**
300 Connell Drive, Suite 4100
Berkeley Heights, New Jersey 07922

Carolyn Cottrell
**SCHNEIDER WALLACE COTTRELL KONECKY WOTKYNS LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608

If you submit a written objection, you may also, if you wish, appear at the Final Approval Hearing to discuss your objection with the Court and the parties to the Lawsuit. Your written objection must state whether you will attend the Final Approval Hearing, and your written notice of your intention to appear at the Final Approval Hearing must be filed with the Court and served upon Class Counsel and Defendant's Counsel on or before the Notice Deadline. To be heard at the Final Approval Hearing you must also not have opted out of the Settlement. If you wish to object to the Settlement but fail to return your timely written objection in the manner specified above, you shall be deemed to have waived any objection and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. The postmark date of mailing to Class Counsel and Defendant's Counsel shall be the exclusive means for determining that an objection is timely

DocuSign Envelope ID: B4A83B64-B901-4310-A023-80E50C45D038

mailed to counsel. Objections shall only be considered if the Settlement Class Member has not opted out of the Settlement.

| 7. | Can Defendant Retaliate Against Me for Participating in this Lawsuit? |
|----|---|

No. Your decision as to whether or not to participate in this Lawsuit will in no way affect your work or employment with Defendant or future work or employment with Defendant. It is unlawful for Defendant to take any adverse action against you as a result of your participation in this Lawsuit.

| 8. | Who Are the Attorneys Representing Plaintiffs and the Settlement Class? |
|----|---|

Plaintiff and the Settlement Class are represented by the following attorneys acting as Class Counsel:

Sarah R. Schalman-Bergen
Camille Fundora Rodriguez
**BERGER MONTAGUE PC**
1818 Market St., Suite 3600
Philadelphia, Philadelphia 19103
Telephone: (215) 875-3033
Facsimile: (215) 875-4604
Email: [INSERT]

Carolyn Cottrell
David Leimbach
**SCHNEIDER WALLACE COTTRELL KONECKY WOTKYNS LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
Email: [INSERT]

| 9. | How Will the Attorneys for the Settlement Class Be Paid? |
|----|---|

Class Counsel will be paid from the Gross Settlement Amount of $1,300,000.00. You do not have to pay the attorneys who represent the Settlement Class. The Settlement Agreement provides that Class Counsel will receive attorneys' fees of up to one-third (1/3) of the Gross Settlement Amount ($433,333.33) plus their out-of-pocket costs, which are presently $_____. Class Counsel will file a Motion for Attorneys' Fees and Costs with the Court. The amount of attorneys' fees and costs awarded will be determined by the Court at the Final Approval Hearing.

| 10. Where can I get more information? |
|---|

If you have questions about this Notice or the Settlement, or if you did not receive this Notice in the mail and you believe that you are or may be a member of the Settlement, you should contact the Settlement Administrator at [INSERT].

This Notice is only a summary. For more detailed information, you may review the Settlement Agreement, containing the complete terms of the proposed Settlement, which is available through the Settlement Administrator and publicly accessible and on file with the Court.

**PLEASE DO NOT WRITE OR TELEPHONE THE COURT FOR INFORMATION ABOUT THE PROPOSED SETTLEMENT OR THIS LAWSUIT.**

DocuSign Envelope ID: B4A88064-B901-4349-A023-9C650045D038

# EXHIBIT B

DocuSign Envelope ID: B4A88064-B901-4349-A923-80650045D038

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
------------------------------------------------------------------

**WILLIS BREWER, individually and on**      :
**behalf of all persons similarly situated,**     : Civil Action No.: 1:17-CV-4290
                                        :

**Plaintiff,**                                  :
                                        :
        **v.**                             :
                                        :

**HOMELAND VINYL PRODUCTS, INC.**     :
                                        :
**Defendant.**                                :
------------------------------------------------------------------

## <u>NOTICE OF SETTLEMENT</u>

## PLEASE READ THIS NOTICE CAREFULLY.

You received this Notice of Settlement ("Notice") either because you 1) previously completed an Opt-In Consent Form to join this case; or 2) you did not previously join this case but the records of Homeland Vinyl Products, Inc. ("Defendant" or "Homeland Vinyl") show you performed work as a non-exempt, hourly production employee of Homeland Vinyl at its production facilities in Alabama, Tennessee, or Utah at any time between June 13, 2014 and December 20, 2018.

| 1. | Why Should You Read This Notice? |
|----|----------------------------------|

This Notice explains your right to share in the monetary proceeds of this Settlement. The United States District Court for the District of New Jersey has preliminarily approved the Settlement as fair and reasonable. The Court will hold a Final Approval Hearing on _____, 2019 at _____, before the Honorable [Judge] in [location].

| 2. | What Is This Case About? |
|----|--------------------------|

This lawsuit alleges that individuals who performed worked as non-exempt, hourly employees at Defendant's production facilities in Alabama, Tennessee, Utah, and New Jersey were not paid overtime compensation to which they were entitled under Fair Labor Standards Act and/or the New Jersey Wage and Hour Law and New Jersey Wage Payment Law. Defendant denies that these individuals were entitled to any overtime compensation or other compensation beyond the compensation they received and denies any wrongdoing and any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the lawsuit. The Parties

DocuSign Envelope ID: B4A88064-B90D-4349-A023-9D6500A5D038

have concluded that it is in their best interest to resolve and settle the lawsuit by entering into a Settlement Agreement.

| 3. | What Are the Terms of the Settlement? |
| --- | --- |

Defendant has agreed to pay One Million Three Hundred Thousand Dollars and Zero Cents ($1,300,000.00) to settle this lawsuit ("Gross Settlement Amount"). Deductions from this amount will be made for attorneys' fees and costs for Class Counsel (see below), settlement administration costs (up to $26,000.00), and a service award in the amount of Fifteen Thousand Dollars ($15,000) to Plaintiff Brewer in recognition of his service to the Settlement Class. After deductions of these amounts, what remains of the Gross Settlement Amount (the "Net Settlement Amount") will be available to pay monetary Settlement Awards to (i) Named Plaintiff; (ii) Opt-In Plaintiffs, and (iii) all Settlement Class Members who do not timely and validly exclude themselves from the Settlement (collectively, "Eligible Class Members").

Named Plaintiff and all Eligible Class Members will be eligible to receive a monetary award from the Net Settlement Amount.

| 4. | How Much Can I Expect to Receive? |
| --- | --- |

All Eligible Class Members will receive a *pro rata* share of the Net Settlement Amount based on the total number of workweeks that the Eligible Class Member worked for Defendant as a non-exempt hourly employee at its production facilities during the relevant Class Period.[2]

Specifically, the amount of $100 per Eligible Class Member will be deducted from the Net Settlement Amount prior to the determination of *pro rata* individual settlement shares and allocated to each Eligible Class Member so that each Eligible Class Member receives at least $100 in exchange for their release in this Settlement Agreement.

In addition to the $100 payment set out in (a) above, Eligible Class Members shall receive *a pro rata* portion of the Net Settlement Amount as follows:

3. For full workweeks falling between the Eligible Class Member's date of hire and date of termination during the applicable Class Period ("Credited Workweek"), he or she shall be eligible to receive a *pro rata* portion of the Net Settlement Amount. Each Credited Workweek will be equal to one (1) settlement share.

4. The total number of settlement shares for all Eligible Class Members will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure. That figure will then be multiplied by each Eligible

---

[2] For Eligible Class Members who performed work in Alabama, Tennessee, and Utah, the Class Period is from June 13, 2014 through December 20, 2018. For Eligible Class Members who performed work in New Jersey, the Class Period is from June 13, 2011 through May 1, 2018.

DocuSign Envelope ID: B4A88064-B90D-4318-A023-90660045D038

Class Member's number of settlement shares to determine the Eligible Class Member's Settlement Award.

All Settlement Award determinations will be based on dates of hire and separation for Settlement Class members. To learn more information about the Credited Workweeks that you will be credited with, you may contact the Settlement Administrator.

Fifty percent (50%) of each Eligible Class Members' Settlement Award shall be treated as back wages, and fifty percent (50%) shall be treated as non-wage penalties and/or liquidated damages. The portion allocated to claims for unpaid overtime and other wage-related damages will be subject to all required employee payroll taxes and deductions, and Homeland Vinyl will pay the employer side of the FICA and FUTA taxes separate from the Settlement Award payment. The portion allocated to liquidated damages shall be characterized as non-wage income and will be reported on an IRS Form 1099.

If you receive a Settlement Award, you will have 180 days to cash the check that will be sent to you. If at the conclusion of the 180-day check void period set forth above, there are any monies remaining, no amount of Settlement Awards attributable to Eligible Class Members who worked in New Jersey shall revert to Defendant, and any amount of uncashed checks from Eligible Class Members in New Jersey shall be paid to the Parties' agreed upon *cy pres* recipient, New Jersey Council of County Vocational-Technical Schools, subject to the Court's approval. Uncashed checks from Eligible Class Members who worked outside of New Jersey shall be returned to Defendant, and those Eligible Class Members shall not release any claims against Defendant.

**It is your responsibility to keep a current address on file with the Settlement Administrator to ensure receipt of your monetary Settlement Award. If you fail to keep your address current, you may not receive your Settlement Award.**

| **5.** | **What Are The Releases?** |
|---|---|

If the Court grants final approval of the Settlement, the lawsuit will be dismissed with prejudice against Defendant, and upon final approval of the Settlement Agreement, Named Plaintiff and Eligible Class Members shall and hereby do release and discharge, Defendant and all Releasees, finally, forever and with prejudice of any and all state law claims for unpaid overtime, state wage and hour, and related common law claims based on the facts alleged in Complaint against Defendant that accrued during their work with Defendant during the relevant Class Periods, without limitations, all state claims for unpaid overtime wages, and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses. However, only Eligible Class Members who cash or deposit their Settlement Award check will be deemed to have released their FLSA claim. Defendant agrees that participation in the settlement and release of the Eligible Class Members' Released Claims may not be used to assert collateral estoppel, *res judicata*, waiver or any other claim preclusion of FLSA claims or other claims not included in the Eligible Class Members' Released Claims with respect to individuals who did not specifically release those FLSA or other claims in this Agreement.

| 6. | **What Are My Rights?** |

- If you are a Settlement Class Member, you will automatically receive a Settlement Award if the Settlement is approved, and you will release your claims if you cash or deposit the Settlement Award check.

| 7. | **Can Defendant Retaliate Against Me for Participating in this Lawsuit?** |

No. Your decision as to whether or not to participate in this Lawsuit will in no way affect your work or employment with Defendant or future work or employment with Defendant. It is unlawful for Defendant to take any adverse action against you as a result of your participation in this Lawsuit.

| 8. | **Who Are the Attorneys Representing Plaintiffs and the Settlement Class?** |

Plaintiff and the Settlement Class are represented by the following attorneys acting as Class Counsel:

Sarah R. Schalman-Bergen
Camille Fundora Rodriguez
**BERGER MONTAGUE PC**
1818 Market St., Suite 3600
Philadelphia, Philadelphia 19103
Telephone: (215) 875-3033
Facsimile: (215) 875-4604
Email: [INSERT]

Carolyn Cottrell
David Leimbach
**SCHNEIDER WALLACE COTTRELL KONECKY WOTKYNS LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
Email: [INSERT]

| 9. | **How Will the Attorneys for the Settlement Class Be Paid?** |

Class Counsel will be paid from the Gross Settlement Amount of $1,300,000.00. You do not have to pay the attorneys who represent the Settlement Class. The Settlement Agreement provides that Class Counsel will receive attorneys' fees of up to one-third (1/3) of the Gross Settlement Amount ($433,333.33) plus their out-of-pocket costs, which are presently $_____. Class Counsel will file a Motion for Attorneys' Fees and Costs with the Court. The amount of attorneys' fees and costs awarded will be determined by the Court at the Final Approval Hearing.

| **10. Where can I get more information?** |

If you have questions about this Notice or the Settlement, or if you did not receive this Notice in the mail and you believe that you are or may be a member of the Settlement, you should contact the Settlement Administrator at [INSERT].

This Notice is only a summary. For more detailed information, you may review the Settlement Agreement, containing the complete terms of the proposed Settlement, which is available through the Settlement Administrator and publicly accessible and on file with the Court.

**PLEASE DO NOT WRITE OR TELEPHONE THE COURT FOR INFORMATION ABOUT THE PROPOSED SETTLEMENT OR THIS LAWSUIT.**

WSACTIVELLP:10447401.1